UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| JODY E. RATCLIFF, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17CV174 |
| | ) | |
| AMERICAN HONDA MOTOR CO, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

<u>MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE</u>

This matter is before the Court on two Renewed Motions to Dismiss [Doc. #317, #318] filed by Hennessy Industries Inc.[1] and Ford Motor Company. For the reasons set out below, the Court will recommend granting the Motions to Dismiss.

I. BACKGROUND

This action arises out of Plaintiff's allegations of injury due to exposure to asbestos-containing products. Plaintiff filed a twelve-count Complaint naming sixty-two defendants and alleging numerous counts of negligence, gross negligence, inadequate design, breach of warranty, product liability, premises liability, fraud, and conspiracy. Defendants Hennessy Industries Inc. ("Hennessy") and Ford Motor Company ("Ford") previously filed Motions [Doc. #69, #193] seeking the dismissal of Plaintiff's claim for Fraud/Fraudulent Representation (Count 8) pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

---

[1] Defendant Hennessy identifies itself as Hennessy Industries, LLC f/k/a Hennessy Industries, Inc.

Because Plaintiff's initial response to these Motions relied upon matters outside the pleadings, and because Plaintiff alternatively requested leave to amend her Complaint, the Court allowed Plaintiff to file a More Definite Statement as to each moving defendant. Following that filing, Hennessy and Ford renewed their motions to dismiss.

In the Complaint, the various defendants are, for the most part, grouped into large categories, such as the "Talc Defendants," the "Friction Defendants," and the "Talc Product Retailer Defendants" based upon their alleged involvement with asbestos. Ford is identified as one of 35 "Friction Defendants," and this grouping is defined as defendants who "mined, milled, processed, imported, converted, compounded, designed, manufactured, marketed, supplied, distributed, sold and/or otherwise placed in the stream of commerce automotive products, materials and/or equipment containing asbestos to which Plaintiff was directly and indirectly exposed in North Carolina between 1985 and approximately 2004." (Complaint [Docket #1] at 6, n.5 and ¶ 9.) Specifically, Ford is alleged to have been "a designer, assembler, manufacturer, marketer, supplier, distributor and seller of asbestos-containing automobiles and automotive parts, including, without limitation, brakes, clutches and gaskets, to which Plaintiff was exposed between approximately 1985 and approximately 2004." (Compl. at ¶ 37.) Hennessy is not listed in a specific grouping, but is alleged to have "designed, manufactured, marketed, supplied, distributed, sold and otherwise placed into the stream of commerce automotive brake grinding machines that caused Plaintiff to be exposed to asbestos between approximately 1985 and approximately 2004," in that "[i]t was reasonably foreseeable that said brake grinding machines would be used in conjunction with asbestos brakes, and Hennessy designed and marketed its brake grinders for the sole or primary purpose of grinding

2

brakes." (Compl. ¶ 40.) The Complaint largely consists of allegations that are intended to apply to every defendant collectively or to each defendant grouping, without distinction.[2]

As noted above, Plaintiff has filed More Definite Statements with respect to Hennessy [Doc. # 308-3] and Ford [Doc. # 308-2], and Hennessy and Ford have renewed their Motions to Dismiss.

II. DISCUSSION

A. Legal Standard

Under Rule 12(b)(6), a plaintiff fails to state a claim upon which relief may be granted when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted).

In addition, under Federal Rule of Civil Procedure 9(b), a party must plead with particularity the circumstances constituting fraud, including the time, place, and contents of the false representation, as well as the identity of the person making the representation and what he obtained thereby. Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769, 781 (4th Cir. 2013). In order to state a claim for fraud under North Carolina law, a plaintiff must allege a

---

[2] However, in Count 3, Plaintiff's alleges Hennessy "acted unreasonably in designing its brake grinders, without adequate dust collection, elimination or exposure prevention elements" that it knew, or likely knew, contained asbestos. (Id. ¶ 108.)

3

"(1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which in fact does deceive, (5) resulting in damage to the injured party." Ricks v. Armstrong, 4:14CV37, 2014 WL 2587611, at *1 (E.D.N.C. June 10, 2014) (internal quotation and brackets omitted); Forbis v. Neal, 649 S.E.2d 382, 387 (N.C. 2007). In the case of fraudulent concealment, the "plaintiff must additionally allege that all or some of the defendants had a duty to disclose material information to him as silence is fraudulent only when there is a duty to speak." Breeden v. Richmond Comty. Coll., 171 F.R.D. 189, 194 (M.D.N.C. 1997) (citations omitted). The special pleading requirements of fraud are applicable to fraudulent concealment claims, and while courts recognize that concealment or omission "is by its very nature, difficult to plead with particularity. . . [n]evertheless, these factors should be known by the time the complaint is filed, and must be stated with particularity to fairly apprise the defendant of the charges." Id. at 195 (internal quotation omitted).

B. Plaintiff's Claims for Fraud

The Complaint alleges that Ford manufactured and distributed automobiles, and that Hennessy manufactured and distributed brake grinding machines, each causing Plaintiff to be exposed to asbestos between 1985 and 2004. (Complaint [Doc. #1] ¶¶ 37, 40). In Count 8 (Fraud/Misrepresentation), brought against all sixty-two defendants, Plaintiff alleges that the defendants "falsely represented facts, including the dangers of asbestos exposure, to Plaintiff, her family members and others . . . while [d]efendants each had actual knowledge of said dangers" and while each "knew of the falsity of their representations" or with reckless disregard of the falsity, and that Plaintiff relied upon these representations thereby causing

4

injury. (Id. ¶¶ 219-222.) Plaintiff's fraud allegations were made against each of the 62 defendants without distinction.

Plaintiff's More Definite Statement as to Ford [Doc. #308-2], alleges that Ford was aware of the dangers caused by exposure to asbestos (id. ¶¶ 269, 274-286, 288, 289, 292), that the brakes and clutches in cars manufactured by Ford generated asbestos dust, (id. ¶¶ 270-273), that customers were exposed to this dust at least to the extent they cleaned out brake drums and assemblies using compressed air (id. ¶ 285), that at relevant times Ford was aware that exposure to asbestos caused mesothelioma (id. ¶¶ 283, 290, 292), and that despite this knowledge Ford "concealed this information, failed to warn users and continued to manufacture asbestos products" (id. ¶¶ 287, 290).

Plaintiff's More Definite Statement as to Hennessy [Doc. #308-3] alleges that Hennessy, or a predecessor, in the early 1950s developed a grinding device to grind brake linings on passenger cars (id. ¶¶ 295, 296), that the device was widely used to grind brake linings (id. ¶¶ 297, 299), which in turn created asbestos dust that could not be entirely collected by the grinder (id. ¶¶ 301, 302, 303, 307), that people near the machines could be exposed to the dust (id. ¶¶ 305, 312), that Hennessy was aware of the inherent danger in using their equipment but continued to sell the grinders (id. ¶¶ 308, 310, 325), but that at some point in or about 1986, because of the dangers created, it stopped selling its grinders in the United States (id. ¶¶ 315, 316) but made no efforts to contact prior customers to warn them (id. ¶ 316), and even continued to sell their grinders with stamps indicating that they met government standards knowing they did not (id. ¶ 319), and all of this was in "conscious and reckless disregard of public safety (id. ¶¶ 328, 329).

C.  Sufficiency of Pleadings

Accepting these allegations as true, the basic elements of a claim for an affirmative fraudulent misrepresentation are missing. At best, Plaintiffs have pled that Ford and Hennessy were aware of the dangers of asbestos and that certain third-parties, such as workers or customers who worked on their own brake assemblies, could suffer injury if exposed to asbestos dust. Plaintiff does not allege the time, place and content of any misrepresentation by Ford or Hennessy to Plaintiff, identify who made that misrepresentation, when the representation was made, or allege that Plaintiff relied upon such representations to her detriment.

To the extent Plaintiff's allegations can be construed to include a claim for fraudulent concealment, aside from the deficiencies described above, the Complaint fails to meet the requirements of North Carolina law for establishing a duty to disclose. Relying upon Breeden, 171 F.R.D. at 194-95, Plaintiff argues that where parties are dealing at arms length and one party has knowledge of a latent defect which the other cannot discover through reasonable diligence, the law imposes a duty to disclose. (Plaintiff's Brief [Doc. #330] at 4; Plaintiff's Brief [Doc. #329] at 3-4 and 6.) However, Plaintiff has not alleged that she was in any type of arms-length dealings with Ford or Hennessy, nor has she alleged a fiduciary or other direct relationship that would create a duty to disclose under North Carolina law. See Breeden, 171 F.R.D. at 194, 196-198. North Carolina requires a relationship of trust or confidence to support finding a duty to disclose, based on a fiduciary relationship, a contractual relationship, or other similar relationship. Burnette v. Nicolet, Inc., 818 F.2d 1098, 1101 (4th Cir. 1986). A relationship between a manufacturer of asbestos and a plaintiff whose work involved the

6

use of asbestos-containing products has been held to not meet this requirement. Id. at 1100-1101 ("The lower court found that North Carolina has never recognized a cause of action for fraudulent concealment in the absence of a relationship of trust or confidence created by a fiduciary, contractual or other similar relationship which imposes upon the defendant a 'duty to speak' to the plaintiff. We see no error in the court's conclusion that North Carolina would not recognize a relationship of trust or confidence in the context advocated by Burnette." (internal citation omitted)); Simmons v. Amatex Corp. and Thompson v. ACandS, Inc., 806 F.2d 258, 1986 WL 18192 (4th Cir. 1986).[3] Plaintiff has not alleged facts supporting the existence of a relationship of trust or confidence that would create a duty to disclose to Plaintiff to support a claim for fraudulent concealment under North Carolina law. Breeden, 171 F.R.D. at 194-95, Burnette, 818 F.2d at 1101. Therefore, the Court will recommend that the Motions to Dismiss be granted and that Count 8 be dismissed as to Defendants Ford and Hennessy.

The Court notes that this determination would not affect Plaintiff's remaining claims, including the claims for negligence, breach of warranty, and products liability based on alleged failure to warn, as well as Plaintiff's claims for punitive damages based on alleged willful and wanton conduct. Those are separate claims which are not the subject of the Motions to Dismiss.

IT IS THEREFORE RECOMMENDED THAT the Renewed Motions to Dismiss Count 8 filed by Ford Motor Company [Doc. #317] and Hennessy Industries Inc. [Doc. #318] be

---

[3] Moreover, in the present case, the facts alleged are yet another step removed, as Plaintiff does not allege that she purchased or used a product from Ford or Hennessy, and instead alleges that she was exposed to their products as a third party at her father's worksites.

GRANTED, and that Count 8 be dismissed as to Defendants Ford Motor Company and Hennessy Industries, Inc.

This the 23rd day of July, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge